# No. 25-50048

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**United States of America**,
Plaintiff-Appellant,

v.

**Adrian Gil, II**,
Defendant-Appellee.

---

On Appeal from the United States District Court
for the Western District of Texas

---

### Appellant's Motion to Suspend Briefing
### or to Extend Time to File Appellant's Brief & Record Excerpts

The government moves to suspend its deadline to file an appellant's brief until 30 days after the Supreme Court's final disposition of *United States v. Hemani*, No. 24-1234—in which the Solicitor General has now filed a certiorari petition—either by denying the petition or through resolution on the merits. If this Court instead orders further briefing now, the United States seeks 10 days from that ruling to file an appellant's brief and record excerpts.

**Background.** This government appeal challenges the district court's dismissal of an indictment charging Gil with violating 18 U.S.C. § 922(g)(3), which prohibits firearm possession by unlawful users of controlled substances. (ROA.247-75, 278.) Gil pleaded guilty to that offense but later appealed to challenge his conviction. *United States v. Gil*, No. 23-50525, 2024 WL 2186916, at *1 (5th Cir. May 15, 2024). This Court vacated Gil's conviction and

remanded for consideration of an as-applied challenge to § 922(g)(3). *Id.* at *4. On remand, the district court held that applying § 922(g)(3) to Gil violated the Second Amendment, allowed him to withdraw his guilty plea, and dismissed the indictment. (ROA.247-75, 278.) The government's opening brief is currently due, after two fifteen-day extensions, on June 11.

**Grounds for Suspension of Briefing.** On June 2, the Solicitor General petitioned the Supreme Court to review this Court's decision in *United States v. Hemani*, No. 24-40137, 2025 WL 354982 (5th Cir. 2025). In *Hemani*, this Court held that § 922(g)(3) violated the Second Amendment as applied to a defendant who used marijuana about every other day. *See Hemani*, 2025 WL 354982, at *1; Pet. 5, *United States v. Hemani*, No. 24-1234 (U.S. June 2, 2025). The Solicitor General has asked the Court to review that decision and uphold the application of § 922(g)(3) to habitual drug users. Pet. 2-3, 7.

In recent years, this Court has often suspended briefing or stayed proceedings to await further guidance from the Supreme Court on the Second Amendment. *See, e.g.*, Order, *United States v. Sanchez*, No. 23-50293 (5th Cir. Apr. 3, 2024), ECF No. 68-2; Order, *United States v. Medina-Cantu*, No. 24-50022 (5th Cir. Mar. 29, 2024), ECF No. 34-2; Ltr. from Lyle W. Cayce, Clerk of Court, *United States v. Charles*, No. 23-50131 (5th Cir. Jan. 30, 2024), ECF No. 70; Ltr. from Lyle W. Cayce, Clerk of Court, *United States v. Melendrez-Machado*, No. 23-50506 (5th Cir. Jan. 5, 2024), ECF No. 47; Ltr. from Lyle W. Cayce, Clerk of Court, *United States v. Collette*, No. 22-51062 (5th Cir. Aug. 16, 2023), ECF No. 57.

Suspending briefing here as well would be most efficient for this Court and the parties. If the Supreme Court upholds the application of § 922(g)(3) to the defendant in *Hemani*, who used marijuana every other day, that decision would support applying § 922(g)(3) to Gil, a daily marijuana user (ROA.301). In contrast, proceeding with briefing now may necessitate supplemental briefing if the Court grants certiorari and issues a decision in *Hemani*.

A suspension is particularly appropriate because awaiting guidance from the Supreme Court should not prejudice Gil. The indictment against him has been dismissed. (ROA.274-75.) He has been released from any pretrial or bond conditions. (ROA.274.) And his cash bail has been returned. (ROA.277.)

**Grounds for Extension of Time.** If this Court declines to suspend briefing, the government seeks 10 days from that order to file an appellant's brief. That extension will allow time after a ruling for the assigned Assistant U.S. Attorney time to secure review and approval of the draft brief and finalize it.

## Certificate of Conference

The U.S. Attorney's Office conferred with counsel for Gil. This motion is opposed.

Respectfully submitted,

Justin R. Simmons
United States Attorney

By: */s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney

3

**Certificate of Service**

I certify that on June 4, 2025, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Zachary C .Richter*
Zachary C. Richter
Assistant United States Attorney

\*     \*     \*

**Certificate of Compliance**

I certify that

(1) this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 603 words; and

(2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in Calisto MT font, size 14.

*/s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney

Dated: June 4, 2025